

GA BIBIKOS LLC

relentless. advocacy. period.

**VIA ECF**

George A. Bibikos
(717) 580-5305
gbibikos@gabibikos.com
www.gabibikos.com

Patricia S. Dodszuweit, Esq.
Clerk of Court
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

August 25, 2022

Re:     *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellot LLC et al.*, Appeal of *Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino*, Consolidated Docket Nos. 22-2445 & 22-2446

Dear Ms. Dodszuweit:

In response to this Court's order dated August 9, 2022 (Doc. 3), Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx") submits this letter addressing the Court's jurisdiction.

By way of background, the underlying dispute is between Pace-O-Matic, Inc. ("POM") as plaintiff and Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") as defendant. Parx is not a party. POM alleges that Eckert breached fiduciary duties by representing Parx in matters adverse to POM.

POM subpoenaed Parx and Hawke McKeon & Sniscak ("HMS") (another law firm that had represented Parx in other matters) and served discovery requests on Eckert demanding production of Parx's privileged communications with Eckert and HMS. Parx appeared for the limited purpose of moving to quash the subpoena issued by POM to Parx and to assert its privilege over documents in the possession of the Eckert and HMS. Eckert moved for a protective order and HMS moved to quash the subpoena from POM. Both law firms invoked the attorney-client privilege and work-product immunity on Parx's behalf.

The district court assigned the motions to a magistrate judge for disposition. The magistrate judge quashed the subpoena directed to Parx. The magistrate judge also acknowledged that the documents in possession of Eckert and HMS contain privileged communications, but he *sua sponte* invoked the doctrine of "judicial estoppel" to order Eckert and HMS to disclose Parx's privileged documents in their custody based on Eckert's alleged prior inconsistent statements in this litigation regarding its representation of Parx in matters adverse to POM.

Parx, Eckert, and HMS appealed to the district court. The district court reversed and remanded to afford the parties and non-parties the opportunity to address judicial estoppel. After additional briefing on remand, the magistrate judge again invoked judicial estoppel and ordered that the privileged documents must be disclosed. After yet another appeal, the district court adopted the magistrate judge's analysis in the opinion and order that are subject to appeal. The district court ordered the production of Parx's privileged communications with Eckert and HMS in their possession on July 5, 2022. Parx timely appealed on August 4, 2022. The district court has stayed the disclosure order pending the outcome of this appeal.

The Court has jurisdiction over Parx's direct appeal from the district court's order pursuant to *Perlman v. United States*, 247 U.S. 7 (1918). This Court explained the *Perlman* doctrine as follows:

+lawyer | innovations
rethink everything.



> Ordinarily, this Court has jurisdiction only over final decisions of district courts. 28 U.S.C. § 1291. When a district court orders a witness to testify or produce documents, the order is generally not immediately appealable; rather, the witness who wishes to object "must refuse compliance, be held in contempt, and then appeal the contempt order." *In re Grand Jury*, 705 F.3d 133, 143 (3d Cir.2012) (internal quotation marks and citation omitted). *However, under Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), a privilege holder may immediately appeal an adverse disclosure order when the privileged information is controlled by a "disinterested third party who is likely to disclose that information rather than be held in contempt for the sake of an immediate appeal." In re Grand Jury*, 705 F.3d at 138. Attorney is a disinterested third party controlling allegedly privileged information. As such, this Court has jurisdiction to hear the appeal brought by Intervenors, the privilege holders.

*In re Grand Jury Subpoena*, 745 F.3d 681, 686–87 (3d Cir. 2014) (emphasis added). *See also In re Search of Elec. Commc'ns*, 802 F.3d 516, 529 (3d Cir. 2015) (applying *Perlman* to exercise jurisdiction over order compelling disclosure of attorney-client and work-product privileged communications in possession of third parties).

Here, Parx is not a party to the underlying litigation. However, Parx is the privilege holder.  The district court's order compels the production of Parx's privileged documents in the possession of third parties Eckert and HMS based on "judicial estoppel." Parx has no recourse other than an appeal.  As a non-party holder of the privilege, Parx may exercise the right to appeal an adverse privilege ruling when, as here, an order compels disclosure of its privileged documents that are in the custody of third-party law firms.

Alternatively, the Court has jurisdiction over Parx's direct appeal pursuant to the collateral-order doctrine because the district court's order: (1) conclusively determines that Eckert and HMS must disclose Parx's privileged communications; (2) resolves issues totally separate from the merits of the case since this Court can review the question of whether Parx's privileged documents may be disclosed in discovery without reaching the merits of POM's underlying claims against Eckert; and (3) will be effectively unreviewable after final judgment once the privileged documents are released. *See, e.g., Smith v. BIC Corp.*, 869 F.2d 194, 198–99 (3d Cir. 1989).

*Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11 (2009) does not preclude a direct appeal under *Perlman* or the collateral-order doctrine. Before *Mohawk*, a party subject to an adverse privilege ruling had the right to immediate appeal under the collateral- order doctrine.  In *Mohawk*, the Supreme Court clarified that an adverse privilege ruling directed to a party in litigation is not necessarily a collateral order subject to immediate review, reasoning that a party may vindicate its rights by appealing after a final judgment on the merits or seeking certification under 28 U.S.C. § 1292(b). *Mohawk*, however, did not alter the *Perlman* doctrine or other potential avenues for appeal when a non-party privilege holder challenges an adverse privilege ruling that compels the disclosure of privileged documents in the possession of third parties.  As this Court explained:

> We cannot say that the Supreme Court has abandoned that determination [*Perlman*] on the basis of a later case, *Mohawk*, that never cites, let alone discusses, *Perlman*. If and when that Court next hears a case involving the *Perlman* doctrine, it may well hold that the doctrine does not allow grand jury subjects to receive immediate appellate review of adverse privilege determinations. And, given the need for judicial efficiency in the criminal context, such a decision may be justifiable. We will not, however, intrude on the Supreme Court's prerogative to make that determination. We therefore conclude that the *Perlman* exception remains viable.

*In re Grand Jury*, 705 F.3d 133, 146 (3d Cir. 2012).

Here, *Mohawk* does not preclude a direct appeal because Parx is not a party to the underlying litigation attempting to appeal an adverse privilege order and cannot otherwise vindicate its rights by appealing from the final judgment in the underlying litigation between the parties.



Finally, the Court can exercise jurisdiction to hear the appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides that this Court may hear an appeal upon certification from the district court that the order in question involves a controlling question of law over which there is substantial grounds for disagreement such that an immediate appeal of the interlocutory order will materially advance the outcome of the underlying litigation.

Here, Parx filed a motion with the district court for permission to appeal the adverse privilege ruling pursuant to 28 U.S.C. § 1292(b) as a precautionary measure to assure this Court's review of the novel application of judicial estoppel to circumvent Parx's privilege. *See* District Court Docs. 232, 233, and 242. The district court agreed that the question of whether judicial estoppel applies to compel the disclosure of a non-party's privileged documents in the possession of its law firm(s) is unprecedented and meets the standards for immediate interlocutory under 28 U.S.C. § 1292(b). *See* District Court Docket No. 253. In turn, Parx timely submitted a petition for permission to appeal on August 19, 2022, following the district court's certification order, explaining that the district court's decision to apply judicial estoppel in this manner is a controlling question of law over which there is substantial grounds for disagreement such that an immediate appeal of the interlocutory order will materially advance the outcome of the underlying litigation between the parties.

Accordingly, the Court has jurisdiction over the appeal pursuant to *Perlman*, the collateral-order doctrine, or 28 U.S.C. § 1292(b).

* * *

Thank you for your consideration of this letter.

Very truly yours,

**GA BIBIKOS LLC**

George A. Bibikos

Enclosures

c:        Counsel (via ECF)
          Client
          File