

**Dennis A. Whitaker**
**(717) 703-0805**
**dawhitaker@hmslegal.com**

**Melissa A. Chapaska**
**(717) 703-0815**
**machapaska@hmslegal.com**

**100 North Tenth Street, Harrisburg, PA 17101 Phone: 717.236.1300 Fax: 717.236.4841 www.hmslegal.com**

August 25, 2022

**VIA ECF**

Patricia S. Dodszuweit, Esq.
Clerk of Court
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re:    Pace-O-Matic, Inc. v. Eckert Seamans Cherrin & Mellot LLC et al., Appeal of Hawke McKeon & Sniscak, LLP,  Nos.  22-2445,  22-2446 (consolidated)

Dear Ms. Dodszuweit:

In response to this Court's order dated August 9, 2022 (Doc. 3), Hawke McKeon & Sniscak, LLP ("HMS") submits this letter addressing the Court's jurisdiction.

These appeals arise from a diversity suit filed in the United States District Court for the Middle District of Pennsylvania whereby Pace-O-Matic, Inc. ("POM"), plaintiff below, alleges that and Eckert, Seamans, Cherin & Mellot, LLC ("Eckert"), defendant below, breached fiduciary duties by representing Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx") in matters adverse to POM.  Neither HMS nor Parx are parties to the action.

POM subpoenaed HMS and Parx and served discovery requests on Eckert demanding production of Parx's privileged communications with Eckert and HMS. HMS, former counsel to Parx for purposes of the proposed intervention by Parx and other casinos in litigation initiated by POM in the Commonwealth Court of Pennsylvania ("Commonwealth Court litigation"), appeared as a non-party in the district court for the limited purpose of moving for a protective order and/or to quash the subpoena issued by POM. HMS and Eckert asserted attorney-client privilege and work-product protection on Parx's behalf.

The district court assigned the motions to a magistrate judge for disposition. The magistrate judge quashed the subpoena directed to Parx, and acknowledged that the documents in Eckert's and HMS's possession contain privileged communications. The magistrate judge

Patricia S. Dodszuweit, Esq.
August 25, 2022
Page 2

then *sua sponte* invoked the doctrine of "judicial estoppel" to order Eckert and HMS to disclose Parx's privileged documents in their custody based on Eckert's alleged prior inconsistent statements in this litigation regarding its representation of Parx in matters adverse to POM.

Parx, Eckert, and HMS appealed to the district court. The district court reversed and remanded to afford the parties and non-parties the opportunity to address judicial estoppel. After additional briefing on remand, the magistrate judge again invoked judicial estoppel and ordered that the privileged documents must be disclosed. Parx, Eckert, and HMS again appealed and the district court adopted the magistrate judge's analysis in the opinion and order that the subject of the above-referenced appeal. On July 5, 2022, the district court entered an order directing HMS and Eckert to produce Parx's privileged communications. HMS filed the instant appeal, which this Court consolidated with Parx's appeal, docket no. 22-2446, for the purposes of scheduling, briefing, and disposition. The district court has stayed the disclosure order pending the outcome of this appeal.

The Court has jurisdiction over HMS's direct appeal from the district court's order pursuant to the collateral order doctrine because the July 5 Order: 1) conclusively determines that HMS must disclose Parx's privileged communications; 2) resolves issues totally separate from the merits of the case since this Court can review the question of whether Parx's privileged documents may be disclosed in discovery without reaching the merits of POM's underlying claims against Eckert; and, 3) will be effectively unreviewable after judgment because once the privileged documents are released, the issue will be mooted. *See, e.g., Smith v. BIC Corp.*, 869 F.2d 194, 198–99 (3d Cir. 1989).

Additionally, *Perlman v. United States*, 247 U.S. 7 (1918) provides a basis for appeal. Under *Perlman*, a privilege holder may immediately appeal an adverse disclosure order when the privileged information is controlled by a "disinterested third party who is likely to disclose that information rather than be held in contempt for the sake of an immediate appeal." *In re Grand Jury*, 705 F.3d 133, 138 (3d Cir. 2012). Accordingly, *Perlman* provides the basis for Parx's appeal, and the Third Circuit's decision in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009) supports the conclusion that HMS, a non-party subpoena recipient, should likewise be entitled to appeal on that basis.

*Mohawk Industries, Inc.* holds that parties may not appeal orders adverse to the attorney-client privilege, because they can vindicate their rights by appealing from the final judgment. Id. However, non-litigants, by contrast, cannot necessarily appeal from a final judgment. See *Holt-Orsted v. City of Dickson*, 641 F.3d 230, 238 (6th Cir. 2011) (stating that although *Mohawk Industries, Inc.* narrows *Perlman* when the privilege holder is a litigant, non-litigants do not have recourse in a final judgment) (citing *Wilson v. O'Brien*, 621 F.3d 641, 643 (7th Cir. 2010)). At a minimum, *Perlman* thus continues to afford jurisdiction in appeals by non-litigants, like HMS. To find otherwise would force HMS to choose between protecting its clients' interests by refusing compliance and protecting itself against potentially serious contempt sanctions by complying. Moreover, POM continues to reference (most recently District Court Doc. 240, pp 8-9 n.8) statements made by HMS in a filing in the Commonwealth Court litigation which POM appended to an uninvited filing before the magistrate judge (District Court Doc. 82) and both the magistrate

Patricia S. Dodszuweit, Esq.
August 25, 2022
Page 3

judge, and Judge Wilson in the July 5 Memorandum (District Court Doc. 222 pp 2-3, citing Doc. 166), have referred to that filing. As both the magistrate judge and Judge Wilson have cited these statements by HMS, not accepting HMS's appeal deprives the Court of the HMS's input thereon.

Alternatively, the Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides that this Court may hear an appeal upon certification from the district court that the order in question involves a controlling question of law over which there is substantial grounds for disagreement such that an immediate appeal of the interlocutory order will materially advance the outcome of the underlying litigation between the parties.

Here, HMS filed a motion with the district court for permission to appeal the adverse privilege ruling pursuant to 28 U.S.C. § 1292(b) as a precautionary measure to assure this Court's review of the novel application of judicial estoppel to circumvent Parx's privilege. The district court agreed that the question of whether judicial estoppel applies to compel the disclosure of a non-party's privileged documents in the possession of its law firm(s) is unprecedented and meets the standards for immediate interlocutory under 28 U.S.C. § 1292(b). In turn, HMS submitted a petition for permission to appeal on August 22, 2022, following the district court's certification order explaining that the district court's decision to apply judicial estoppel in this manner is a controlling question of law over which there is substantial grounds for disagreement such that an immediate appeal of the interlocutory order will materially advance the outcome of the underlying litigation between the parties.

Accordingly, the Court has jurisdiction over the appeal pursuant to the collateral order doctrine, *Mohawk Industries*, and 28 U.S.C. § 1292(b).

If you have any questions regarding this response, please contact the undersigned.

Very truly yours,

/s/ Dennis A. Whitaker

Dennis A. Whitaker
Melissa A. Chapaska
*Counsel for Hawke McKeon & Sniscak, LLP*

cc:    Per Certificate of Service

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2022, I electronically filed the foregoing with

the Clerk of the Court for the United States Court of Appeals for the Third Circuit

by using the CM/ECF system. I certify that service will be accomplished by the

CM/ECF system.

/s/ *Dennis A. Whitaker*
Dennis A. Whitaker
Melissa A. Chapaska
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA 17101
(717) 236-1300
(717) 236-4841
dawhitaker@hmslegal.com
machapaska@hmslegal.com

*Counsel for Hawke McKeon &*
*Sniscak, LLP*