**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Jennifer P. Wilson |
| | : | |
| ECKERT, SEAMANS CHERIN & MELLOTT, LLC, | : | |
| | : | |
| Defendant. | : | Magistrate Judge Joseph Saporito, Jr. |

## ORDER

Before the court are three motions for reconsideration, or in the alternative, for permission to file an interlocutory appeal. (Docs. 230, 232, 234.) For the reasons that follow, the court will deny the request for reconsideration but grant the request to certify the issue for interlocutory appeal.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Pace-O-Matic, Inc. ("POM"), initiated this action in February 2020 against Defendant, Eckert, Seamans Cherin & Mellot, LLC ("Eckert"), for an alleged breach of fiduciary duties to POM. (Doc. 1.) POM alleges that this breach stems from Eckert's representation of both POM and a third-party competitor, Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx"), in matters in which POM and Parx had competing and adverse commercial interests in the Commonwealth Court of Pennsylvania relating to POM's development,

1

production, and licensure of electronic "skill games" sold in Pennsylvania. (Doc. 166, pp. 1–2.)[1]

Eckert's representation of POM began in 2016 in Virginia, and was limited to the state of Virginia despite POM's similar activity in Pennsylvania. That was because Eckert represented Parx, a market competitor, in Pennsylvania. (*Id.* at 3–4.) In the summer of 2018, POM filed two lawsuits in the Commonwealth Court of Pennsylvania through other counsel relating to the seizure and removal of some of its skill games in Pennsylvania.[2] (*Id.* at 3.) During this litigation in the Commonwealth Court, Parx, purportedly through its counsel, Hawke McKeon & Sniscak ("HMS") and Ballard Spahr, LLP ("Ballard"), filed amicus briefs in opposition to POM's position, and motions to intervene, which reportedly remain pending with the Commonwealth Court. (*Id.* at 4–5.) In January 2020, POM learned that Eckert was allegedly involved in some capacity with Parx's representation in the Commonwealth Court cases, assuming positions materially adverse to POM's position despite Eckert's ongoing representation of POM in Virginia. (*Id.* at 5.) After POM requested that Eckert withdraw from representing Parx in adverse litigation in Pennsylvania, Eckert instead withdrew from representing POM in Virginia. (*Id.*)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[2] These cases are located at docket numbers 418 MD 2018 and 503 MD 2018. (Doc. 166, p. 4.)

Thereafter, on the basis of these facts, POM initiated the present lawsuit in February 2020, alleging that Eckert attorneys had been working behind the scenes to aid litigation efforts for Parx's adverse position in POM's Commonwealth Court cases despite a clear conflict of interest, and that these efforts breached Eckert's professional duties of loyalty and confidentiality to POM. (*Id.*) In an effort to discover factual information relevant to its claim, POM served interrogatories and requests for document production on Eckert, and corresponding non-party subpoenas on Parx, HMS, and their agents requesting communications concerning the Commonwealth Court cases involving POM and Parx. (*Id.* at 6.) Eckert, Parx, and HMS objected to these discovery requests, asserting attorney-client and work-product privileges. (*Id.*) POM moved to compel the production of these documents and information, and Eckert, Parx, and HMS moved for a protective order. (*Id.*)

This discovery dispute has been extensively briefed and Judge Saporito allowed oral argument on these issues on October 20, 2020, during which the parties agreed to allow Judge Saporito to conduct an in camera review of the subject documents. (*Id.* at 6–7.) Thereafter, the parties met and conferred to determine the documents to be submitted to Judge Saporito. (*Id.* at 7.) These documents were provided to Judge Saporito in December 2020, and Judge Saporito issued his memorandum and order on February 16, 2021. (Docs. 87, 88.)

3

On March 2, 2021, Eckert, HMS, and Parx filed separate appeals of Judge Saporito's decision, each only appealing section III. I. of Judge Saporito's memorandum and paragraph 4 of Judge Saporito's order pertaining to judicial estoppel. (Docs. 93, 95, 97.) The court granted this appeal, finding that Judge Saporito erred procedurally by raising the issue of judicial estoppel sua sponte without permitting counsel to argue the issue, and thus remanded the matter for further consideration. (Docs. 113, 114.) On remand, Judge Saporito allowed the parties to brief the issue of judicial estoppel.[3] (Doc. 166, p. 8.) Following further consideration, including an additional in camera review of the allegedly privileged documents, Judge Saporito again concluded that the attorney-client privilege invoked by Eckert was inapplicable on judicial estoppel grounds and that the work product doctrine was likewise inapplicable. (*Id.* at 35–36.)

On November 30, 2021, Eckert, Parx, and HMS filed appeals of Judge Saporito's decision, accompanied by supporting briefs. (Docs. 168, 169, 170, 171, 172, 173.) The court denied these appeals on July 5, 2022, finding, inter alia, that Judge Saporito's decision was not clearly erroneous. (Docs. 222, 223.) The instant motions for reconsideration followed. (Docs. 230, 232, 234.) In the alternative, Defendants seek certification of the court's opinion and order for

---

[3] No party requested additional oral argument or an evidentiary hearing on the issue of judicial estoppel. (*See* Docs. 128, 129, 130, 131, 134, 135, 136, 137.)

interlocutory appeal to the Third Circuit. (*Id.*) These motions are fully briefed and are ripe for disposition.[4] (Docs. 231, 233, 235, 240, 242, 246.)

## STANDARD OF REVIEW

A party seeking reconsideration of a district court's order must show either (1) "an intervening change in the controlling law"; (2) the availability of new evidence that was not available when the court issued its prior order; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration "cannot be used to reargue issues that the court has already considered and disposed of." *McSparren v. Pennsylvania*, 289 F. Supp. 3d 616, 621 (M.D. Pa. 2018) (citing *Blanchard v. Gallick*, No. 1:09-CV-01875, 2011 WL 1878226, at *1 (M.D. Pa. May 17, 2011)). Additionally, a motion for reconsideration "may not be used to present a new legal theory for the first time" or "to raise new arguments that could have been made in support of the original motion." *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 474 (M.D.

---

[4] Before these motions were fully ripe, on August 4, 2022, HMS and Parx filed notices of appeal to the Court of Appeals for the Third Circuit. (Docs. 244, 245.) On August 9, 2022, the Third Circuit issued an order staying the appeals pending this court's resolution of the post-decision motions. (Doc. 250.) Therefore, despite the pendency of an appeal challenging the court's opinion and order, the court considers the motions for reconsideration in light of the Third Circuit's order.

Pa. 2020) (citing *Vaidya v. Xerox Corp.*, No. 97-547, 1997 WL 732464, at *2 (E.D. Pa. Nov. 25, 1997)).

Although a court may reconsider a prior order based on a party's motion, motions for reconsideration "should be granted sparingly as federal courts have a strong interest in the finality of judgments." *Kitzmiller v. Dover Area Sch. Dist.*, 388 F. Supp. 2d 484, 488 (M.D. Pa. 2005). The decision of whether to grant a motion for reconsideration is left to the discretion of the district court. *Le v. Univ. of Pa.*, 321 F.3d 403, 405 (3d Cir. 2003).

### DISCUSSION

Defendants set forth separate arguments in favor of reconsideration. Eckert asserts that the court should reconsider only the remedy selected in its opinion and order. (Doc. 231.) Specifically, Eckert would prefer that the court judicially estop Eckert "from denying POM's allegation that it has represented a party adverse to POM in litigation[,]" rather than having the purportedly privileged documents produced to POM. (*Id.* at 6.) Parx argues that the application of judicial estoppel is inappropriate in this case, and the court should reconsider its ruling to avoid manifest injustice. (Doc. 233.) HMS claims that the application of judicial estoppel is unwarranted here, but that if the court applies judicial estoppel, it should adopt the remedy proposed by Eckert. (Doc. 235.) In the alternative, all

6

Defendants seek certification of the court's opinion and order for interlocutory appeal. The court considers these arguments in turn.

**A. The Motions for Reconsideration Are Denied. (Docs. 230, 232, 234.)**

Initially, the court finds that Defendants' requests for reconsideration are improperly raised in the context of a motion to reconsider. Indeed, motions for reconsideration "may not be used to present a new legal theory for the first time," "to raise new arguments that could have been made in support of the original motion[,]" or "to reargue issues that the court has already considered and disposed of." *MMG Ins. Co.*, 432 F. Supp. 3d at 474 (citing *Vaidya*, 1997 WL 732464, at *2); *McSparren*, 289 F. Supp. 3d at 621 (citing *Blanchard*, 2011 WL 1878226, at *1). Eckert did not argue its proposed remedy at any point in the litigation of this discovery dispute before filing the instant motion. The issue of judicial estoppel and the potential remedies have been presented for Judge Saporito's consideration on two occasions and to this court on two separate appeals. Now, for the first time, in a motion to reconsider, Eckert presents an argument in support of an alternative remedy. The court concludes that Eckert seeks to raise new arguments that it could have raised in support of the original motion, the supplemental briefing ordered by Judge Saporito, or the appeal. Thus, Eckert's request for a different remedy is not a proper basis for the court to reconsider its prior ruling.

Moreover, even if the court were inclined to entertain Eckert's belatedly proposed remedy, the court finds that adopting this remedy would not be an adequate remedy for POM. As explained in the court's July 5, 2022 opinion, "[f]orcing POM to rely only on privilege logs to litigate this case would be akin to asking counsel to litigate the central issue in this case blindfolded, albeit with a slightly opaque blindfold since POM has been provided with a description of the documents in the privilege log and in Judge Saporito's opinion. Indeed, it is unclear how POM could prove its breach of fiduciary duty claim when it has not had the opportunity to review the documents that may substantiate this claim." (Doc. 222, p. 13.) Therefore, the court denies Eckert's motion for reconsideration. (Doc. 230.)

Likewise, HMS and Parx's motions to reconsider merely reargue the issues already considered and rejected by the court. Such re-hashing of arguments already considered does not warrant reconsideration, and the court denies their motions as well. (Docs. 232, 234.)

**B. The Motions for Certification of the Court's July 5, 2022 Opinion and Order Are Granted. (Docs. 230, 232, 234.)**

Court orders on discovery disputes are not final orders, and a losing party may not ordinarily pursue a direct appeal therefrom. Indeed, the Third Circuit has explained that "[i]t is settled law in this court that discovery matters generally are not reviewable until after final judgment." *De Masi v. Weiss*, 669 F.2d 114, 121

8

(3d Cir. 1982) (citing *Eastern Maico Distributors, Inc. v. Maico-Fahrzeugfabrik, G.m.b.H.*, 658 F.2d 944, 947 (3d Cir. 1981)).  This is because:

> Close questions of finality are not ordinarily presented where . . . the appeal is from an order compelling or denying discovery.  This is so because such orders bespeak their own interlocutory character.  They are necessarily only a stage in the litigation and almost invariably involve no determination of the substantive rights involved in the action.

*Borden Co. v. Sylk*, 410 F.2d 843, 845 (3d Cir. 1969).  In short, it is the unusual and exceptional circumstance that a court's order on a discovery dispute is appropriate for interlocutory appeal.  *Pennsylvania v. Navient Corp.*, No. 3:17-CV-1814, 2019 U.S. Dist. LEXIS 34990, at *3 (M.D. Pa. Mar. 5, 2019) ("Congress intended that [S]ection 1292(b) should be sparingly applied.  It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." (quoting *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958))); *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) ("An interlocutory appeal should be reserved for 'exceptional cases.'" (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996)); *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 708 (M.D. Pa. 2009) (noting that a district court should exercise its discretion and certify issues for interlocutory appeal only sparingly in exceptional circumstances).

9

However, in an exceptional circumstance, a court may certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b) if (1) the order "involves a controlling question of law," (2) "a substantial ground for difference of opinion" exists with regard to the issue involved, and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003). The decision of whether to certify an issue for interlocutory appeal rests in the sound discretion of the district court, and the court may decline to certify an order even if the parties have satisfied all elements enumerated in the statute. *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008); *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008).

In this case, Eckert, Parx, and HMS seek to certify the court's July 5, 2022 opinion and order on the question of whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege of a non-party. (Doc. 231, p. 9; Doc. 233, pp. 14–15; Doc. 235, p. 6.) The court finds that certification of this issue is appropriate in this exceptional instance for several reasons. Initially, the court finds that a controlling question of law is present because "the question is 'serious to the conduct of the litigation'" as a practical and legal matter. *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d at 705 (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). Indeed, the

10

documents subject to disclosure are central to the critical issues and claims in this litigation: whether there is documentary evidence that Eckert breached its fiduciary duties to POM by representing Parx in litigation adverse to POM at the same time that it represented POM. In the event that these documents are produced to POM, neither the court nor Defendant would be able to "unring" the bell of disclosure.[5]

Second, the court finds that there are grounds for difference of opinion on this issue since no controlling precedent has applied judicial estoppel in this manner. *Knipe*, 583 F. Supp. 2d at 599; *EBC, Inc. v. Clark Bldg. Sys.*, No. 05-01549, 2008 WL 728541, at *2 (W.D. Pa. Mar. 17, 2008). Indeed, the law is far from clear on this issue.

Finally, the court concludes that certifying this issue for appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In this case, the parties have repeatedly discussed participation in a settlement conference, but then have drawn back from full engagement, likely due to the pendency of motions before the court related to this discovery dispute. After achieving resolution on this issue, the court anticipates that counsel will be in a better position to attempt to settle the case or proceed to trial. In either event, the

---

[5] Absent a protective order or an order under Federal Rule of Evidence 502(d), neither of which have been requested in this case, the privilege asserted by Parx would be waived or lost.

11

court anticipates that a final resolution of the legal issue underlying this discovery dispute will materially advance the resolution of this litigation.

<div align="center">CONCLUSION</div>

For the reasons stated herein, the court grants in part and denies in part the motions for reconsideration or for interlocutory appeal. (Docs. 230, 232, 234.) Specifically, the court denies the requests for reconsideration, but grants the requests for interlocutory appeal. The court certifies the following question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b): whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege of a non-party. As a result of the court granting the interlocutory appeal in this case, the court also stays the production of the discovery materials referenced in Judge Saporito's implementing order at pages 2–7 pending resolution of this appeal. (Doc. 167, pp. 2–7.)

<div style="margin-left: 50%;">
s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania
</div>

Dated: August 11, 2022

<div align="center">12</div>