# In the United States Court of Appeals for the Third Circuit

Case Nos. 22-2445, 22-2446, 22-2902, 22-2958 & 22-2959

———————————

PACE-O-MATIC, INC.,

*Plaintiff-Respondent*,

— v. —

ECKERT SEAMANS CHERIN & MELLOTT, LLC,
MARK S. STEWART, AND KEVIN M. SKJOLDAL,

*Defendants-Appellants*.

———————————

On Appeal from July 5, 2022 Order of the United States District Court
for the Middle District of Pennsylvania, at Case No. 1:20-cv-00292, as certified by
the District Court on August 11, 2022, with permission granted on October 6, 2022

**REPLY BRIEF FOR DEFENDANTS-APPELLANTS,
ECKERT SEAMANS CHERIN & MELLOTT, LLC, MARK S.
STEWART, AND KEVIN M. SKJOLDAL**

ROBERT S. TINTNER, ESQUIRE (No. 73865)
PETER C. BUCKLEY, ESQUIRE (No. 92313)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2766/2854 (telephone)
(215) 299-2150 (facsimile)

*Counsel for Defendants-Appellants Eckert Seamans Cherin & Mellot, LLC,
Mark S. Stewart, and Kevin M. Skjoldal*

Dated: April 24, 2023

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ iii

INTRODUCTION ......................................................................................... 1

ARGUMENT ................................................................................................ 5

I.    POM Failed to Dispute and Thereby Conceded Many of Eckert's Key
      Points. ............................................................................................... 5

II.   The Issue of Whether Judicial Estoppel May Be Applied as an Exception
      to or Waiver of the Attorney-Client Privilege Held by a Non-Party Is
      Fairly Included Within the Certified July 5 Order and Therefore Is
      Within This Court's Jurisdiction Pursuant to § 1292(b). ............................. 7

III.  Appellants' Other Arguments Regarding the Propriety of the July 5
      Order Are Fairly Included Within the Certified July 5 Order and
      Therefore May Be Considered by the Court Pursuant to § 1292(b). ........... 11

IV.   POM's Argument that the Court Should Exercise Its Discretion to Ignore
      Arguments Not Included in Appellants' Petitions for Permission to
      Appeal Is Meritless. ............................................................................. 13

V.    POM's Arguments Regarding Whether Judicial Estoppel May Be
      Applied as an Exception to or Waiver of the Attorney-Client Privilege
      Held by a Non-Party Are Cursory and Meritless. ....................................... 14

VI.   POM's Arguments Regarding Whether the District Court Abused Its
      Discretion by Invoking the Doctrine of Judicial Estoppel
      Notwithstanding that No Court Had Accepted Any of the Purportedly
      Inconsistent Statements at Issue Are Cursory and Meritless. ...................... 16

VII.  POM's Remedies Arguments Fail. ............................................................. 17

      A.    Eckert Has Not Waived Any of Its Remedies Arguments ................. 17

      B.    POM Effectively Ignores that the Extreme Sanction Imposed by
            the District Court Primarily and Disproportionately Penalizes
            Parx, a Non-party Privilege-Holder, for Purported Misconduct
            Allegedly Committed by a Party ....................................................... 18

i

C.     POM Ignores that the Sanction Imposed by the District Court Was Particularly Inappropriate Because None of the Purportedly Inconsistent Statements at Issue Has Been Tested at Hearing or Trial ........................................................................................ 20

CONCLUSION.............................................................................................. 20

CERTIFICATE OF COMPLIANCE...................................................... 22

CERTIFICATE OF SERVICE .............................................................. 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdullah v. Am. Airlines, Inc.*,
181 F.3d 363 (3d Cir. 1999) ........................................................................ 13-14

*Barbato v. Greystone All., LLC*,
916 F.3d 260 (3d Cir. 2019) ........................................................................8, 11

*Beazer E., Inc. v. Mead Corp.*,
412 F.3d 429 (3d Cir. 2005) .........................................................................*passim*

*In re Bestwall LLC*,
47 F.4th 233 (3d Cir. 2022) ..........................................................................*passim*

*Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie &*
*Co., Inc.*,
290 F.3d 548 (3d Cir. 2002) .........................................................................16

*G-I Holdings, Inc. v. Reliance Ins. Co.*,
586 F.3d 247 (3d Cir. 2009), *as amended* (Dec. 4, 2009) ................................17

*Hudson United Bank v. Chase Manhattan Bank of Connecticut, N.A.*,
43 F.3d 843 (3d Cir. 1994) ...........................................................................18

*In re Incident Aboard D/B Ocean King*,
758 F.2d 1063 (5th Cir. 1985) .......................................................................*passim*

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*,
337 F.3d 314 (3d Cir. 2003) ..........................................................................17

*A.S. ex rel. Miller v. SmithKline Beecham Corp.*,
769 F.3d 204 (3d Cir. 2014) ..........................................................................8

*Montrose Med. Grp. Participating Sav. Plan v. Bulger*,
243 F.3d 773 (3d Cir. 2001) ..........................................................................16, 19

*Pennsylvania Dep't of Env't Prot. v. Trainer Custom Chem., LLC*,
906 F.3d 85 (3d Cir. 2018) .............................................................................12

iii

*Reynolds v. Wagner*,
  128 F.3d 166 (3d Cir. 1997) .................................................................19

*Scarano v. Cent. R. Co. of N. J.*,
  203 F.2d 510 (3d Cir. 1953) ...............................................................16

*In re Teleglobe Commc'ns Corp.*,
  493 F.3d 345 (3d Cir. 2007) ...........................................................15, 16

*United States v. Pelullo*,
  399 F.3d 197 (3d Cir. 2005), *as amended* (Mar. 8, 2005)................................16

*United States v. Philip Morris USA, Inc.*,
  396 F.3d 1190 (D.C. Cir. 2005)........................................................18

**Statutes**

28 U.S.C. § 1292(b) ...........................................................*passim*

**Other Authorities**

16 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL
  PRACTICE AND PROCEDURE § 3929 (3d ed.) ...............................................12, 18

## **INTRODUCTION**

In its opening brief, Eckert identified three fatal infirmities affecting the July 5 Order [1]:  First, that the District Court erred by invoking the doctrine of judicial estoppel to nullify the attorney-client privilege held by a non-party, which even the District Court conceded was unprecedented.  Eckert Br. 28-32.  Second, that the District Court abused its discretion by applying judicial estoppel here because no court ever accepted any of the purportedly inconsistent statements at issue or otherwise relied upon them in rendering any decision.  *Id.* at 36-38.  And third, that the District Court abused its discretion by choosing a remedy that primarily and disproportionately penalizes *Parx*—Eckert's non-party client—rather than Eckert itself.  *Id.* at 40-44.

In its responsive brief filed on April 3, 2023, POM did not even attempt to respond to many of Eckert's key arguments.  The critical points that POM did not (and cannot) dispute—and which it thereby conceded—include the following:

- That neither this Court, nor any other federal court, nor any Pennsylvania court has *ever* applied judicial estoppel in the manner in which the District

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Eckert's opening brief.

Citations to "Eckert Br. y" and "POM Br. y" refer to Eckert's opening brief and POM's brief, respectively; "y" refers to the page number in the stamped ECF line at the top of each page of each brief.

Court applied it below—*i.e.*, "as an exception to or waiver of the attorney-client privilege of a non-party."

- That this issue, as explicitly framed by the District Court itself, presents a matter of first impression in this Circuit.

- That no court had accepted any of the purportedly inconsistent statements at issue in this case nor otherwise relied upon them in any way in rendering a decision.

- That none of the purportedly inconsistent statements at issue has been tested at hearing or trial and that even now, the parties' pleadings remain open.

By conceding these issues, as it must, POM has disproven its assertion that this appeal presents only "fact-bound, case-specific" disputes. POM Br. 22. Rather, as these uncontested points make clear, the certified July 5 Order presents well-defined and broadly applicable questions of law appropriate for review under § 1292(b).

POM's remaining arguments are equally unavailing. First, it asserts that this Court lacks jurisdiction under § 1292(b) to consider whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege of a non-party "because the July 5 Order simply does not implicate that issue." *Id.* at 23, 39. This baseless claim ignores the clear import of the July 5 Order; it also ignores that the District Court itself concluded otherwise. In fact, the District Court framed the

2

privilege issue presented by the July 5 Order in exactly these terms when it certified

that order under § 1292(b).  Thus, POM's argument fails.

Next, POM argues that the Court lacks jurisdiction to consider any of

Appellants' other arguments about the propriety of the July 5 Order.  POM Br. 42-

49.  This is so, POM asserts, because each of those other "*arguments* regarding the

application of judicial estoppel" does not individually satisfy all of the requirements

for certification under § 1292(b).  *Id.* (emphasis added).  This theory misapprehends

the scope of § 1292(b) review:  So long as the certified *order* involves a controlling

question of law and otherwise satisfies the requirements of § 1292(b), then this Court

is empowered to review any *issue* fairly included within the certified order.  Thus,

this argument fails, as well.

The same is true of POM's tag-along argument that the Court "should exercise

its discretion not to consider Appellants' arguments that were not included in their"

certification motions and petitions for permission to appeal.  *Id.* at 48-49.  Section

1292(b) does not bar the Court from considering such arguments, and because

multiple uncontroverted aspects of the July 5 Order may prove relevant to the

disposition of this appeal, the Court should not preclude itself from considering

them.

POM's cursory merits arguments fare no better.  POM devotes less than two

pages of its brief to the merits of the question explicitly certified by the District

Court—*i.e.*, whether a court may apply judicial estoppel as an exception to or waiver of the attorney-client privilege of a non-party. *Id.* at 49-51. Rather than engage with Eckert's substantive arguments based on this Court's precedents, POM ignores them. *Id.* Moreover, the sole case POM does cite in this portion of its brief supports *Eckert's* position, not POM's.

POM also gives cursory treatment to Eckert's argument that the District Court abused its discretion by invoking the doctrine of judicial estoppel notwithstanding that no court had accepted any of the purportedly inconsistent statements at issue nor otherwise relied upon them in any way in rendering a decision. *Id.* at 51-53. In its brief, Eckert cited numerous decisions from this Court highlighting the importance of that factor and explained why they warrant reversal here; POM ignores almost all of those authorities.

POM's remedies arguments also fail. First, POM asserts that Eckert "waived" any argument that the District Court failed to tailor its remedy appropriately. *Id.* at 57. Like POM's expressly jurisdictional arguments, this claim misapprehends the scope of § 1292(b) review and therefore fails. Second, POM essentially ignores the critical distinction relevant to the remedies analysis—namely, that the extreme sanction imposed by the District Court primarily and disproportionately penalizes Parx, a non-party privilege-holder, for purported misconduct allegedly committed by Eckert in its capacity as a defendant in *this* litigation. Finally, POM does not

even acknowledge—much less attempt to rebut—Eckert's argument that the sanction imposed by the District Court was particularly inappropriate here because none of the purportedly inconsistent statements at issue has been tested at hearing or trial and because the parties' pleadings remain open. In short, all of POM's remedies arguments are meritless.

Accordingly, the July 5 Order should be reversed and vacated.

## ARGUMENT

**I.   POM Failed to Dispute and Thereby Conceded Many of Eckert's Key Points.**

An "appellee 'waives, as a practical matter anyway, any objections not obvious to the court to specific points urged by the [appellant].'" *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 437 n.11 (3d Cir. 2005) (quoting *Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994)). *See also In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1071 n.9 (5th Cir. 1985) (treating "the failure to respond to [an appellant]'s arguments as a concession that" the assertions are true); *In re Bestwall LLC*, 47 F.4th 233, 244 (3d Cir. 2022) (quoting *D/B Ocean King*, 758 F.2d at 1071 n.9).

POM argues that "Appellants' briefs present a host of fact-bound, case-specific arguments" that the "Court should not reach." POM Br. 23. Yet POM's own brief—despite its considerable length—failed to respond to a number of the key

points Eckert raised. Those key points include the following issues central to this appeal:

- That the manner in which the District Court applied judicial estoppel is unprecedented and that neither this Court, nor any other federal court, nor any Pennsylvania court has *ever* "applied [judicial estoppel] as an exception to or waiver of the attorney-client privilege of a non-party." Eckert Br. 28; JA113.[2]

- That this issue, as explicitly framed by the District Court itself, presents a matter of first impression in this Circuit. Eckert Br. 13; JA112.

- That no court had accepted any of the purportedly inconsistent statements at issue in this case nor otherwise relied upon them in any way in rendering a decision. Eckert Br. 36; JA032 n.6.

- That none of the purportedly inconsistent statements at issue has been tested at hearing or trial and that even now, the parties' pleadings remain open. Eckert Br. 42; DE:254.

---

[2] "JA" refers to the Joint Appendix filed on February 15, 2023. Within each citation to the Joint Appendix, the number of the page cited follows the "JA" prefix.

Citations to "DE:x:y" or "DE:x, ¶ z" refer to entries on the district court docket— "x" refers to the number of the docket entry in question, "y" refers to the relevant page number identified in the stamped ECF line at the top of that filing, and "z" refers to the relevant paragraph within the filing.

Presumably, POM chose not to respond to these points because they are incontrovertible. In any event, by failing to dispute them, POM has conceded them. *See Beazer*, 412 F.3d at 437 (citation omitted); *D/B Ocean King*, 758 F.2d at 1071 n.9; *In re Bestwall LLC*, 47 F.4th at 244 (citation omitted).

These concessions matter because they are fatal to POM's assertion that this appeal presents only "fact-bound, case-specific" disputes ill-suited to § 1292(b) review. POM Br. 22. Rather, as these undisputed points make clear, the certified July 5 Order presents several pure legal issues well suited to review under § 1292(b). This Court need not resolve any disputed factual issues to determine whether, as a matter of first impression in this Circuit, a court may "appl[y judicial estoppel] as an exception to or waiver of the attorney-client privilege of a non-party." JA113. Nor must the Court referee any factual disputes to determine whether *any* court ever accepted *any* of the purportedly inconsistent statements at issue in this case; the parties and the District Court agree on that point. *See, e.g.*, JA032 n.6. Thus, these and the other issues raised in Appellants' briefs are appropriate for resolution by this Court on § 1292(b) review.

**II. The Issue of Whether Judicial Estoppel May Be Applied as an Exception to or Waiver of the Attorney-Client Privilege Held by a Non-Party Is Fairly Included Within the Certified July 5 Order and Therefore Is Within This Court's Jurisdiction Pursuant to § 1292(b).**

7

POM's next argument[3] is that the Court lacks jurisdiction to consider whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege held by a non-party "because the July 5 Order simply does not implicate that issue."  POM Br. 39 (citation omitted).

Under § 1292(b), the Court has jurisdiction to consider "any issue fairly included within the certified order."  *Barbato v. Greystone All., LLC*, 916 F.3d 260, 264 (3d Cir. 2019) (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)).  Accordingly, the Court "'may consider *all grounds that might require reversal* of the order from which the parties appeal.'"  *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (emphasis added) (quoting *Doe v. Am. Red Cross*, 14 F.3d 196, 199 (3d Cir. 1993)).  Consistent with this standard, the Court may "consider *any question reasonably bound up with the certified order*, whether it is antecedent to, broader or narrower than, or different from the question specified by the district court."  16 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3929 (3d ed.) (emphasis added) (hereinafter "WRIGHT & MILLER").

---

[3] POM's brief includes a number of jurisdictional arguments irrelevant to Eckert. POM Br. 25-37.  Because those arguments are directed to its co-Appellants, Eckert respectfully declines to address those issues herein.

POM's argument that the Court lacks jurisdiction to consider whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege held by a non-party is frivolous. First, POM elides that the District Court itself concluded precisely the opposite in its order granting Appellants' certification motions. *See* JA111:

> In this case, Eckert, Parx, and HMS seek to certify *the court's July 5, 2022 opinion and order on the question of whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege of a non-party. . . .* The court finds that certification of this issue is appropriate in this exceptional instance for several reasons.

(Emphasis added). *See also* JA113 ("The court certifies the following question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b): whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege of a non-party."). Nowhere in its brief does POM so much as acknowledge that the District Judge who issued the July 5 Order has construed that Order to mean exactly the opposite of what POM now argues that Order means.

Nor is it true, as POM argues, that "[n]either the District Judge nor the Magistrate Judge relied on a waiver of, or an exception to, attorney-client privilege." POM Br. 39. In fact, the District Judge did acknowledge that barring some further order, were Appellants to comply with the July 5 Order by producing the privileged communications at issue, "the privilege asserted by Parx would be *waived* or lost." JA112 n.5 (emphasis added).

9

Nor is it true that the July 5 Order itself indicates that the issue of whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege held by a non-party is not "fairly include[d] within" that Order.  POM Br. 39.  Rather, the text of the July 5 Order shows that that issue was reasonably bound up within the scope of the Order.  *See* JA126 ("the issue [adjudicated by the Magistrate Judge was] whether the attorney-client privilege should shield certain documents from discovery"); JA125 (noting that Eckert "assert[ed] the attorney-client privilege as to Parx with respect to documents . . . clearly created for Parx's benefit and [that] Eckert is asserting the privilege on Parx's behalf"); JA124 ("Judge Saporito applied the judicial estoppel doctrine following two rounds of extensive briefing from the parties . . . .").

In short, POM's argument that the July 5 Order does not fairly include within it the issue of whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege held by a non-party is meritless.  Notably, POM does not make any other argument in support of its assertion that the Court lacks jurisdiction to consider the certified question as framed by the District Court.  It does not argue, for instance, that no "substantial ground for difference of opinion" exists with respect to that question, nor does it argue that resolution of that question "may [not] materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  POM therefore has forfeited those arguments.  *See Beazer*, 412 F.3d at 437

10

(citation omitted); *D/B Ocean King*, 758 F.2d at 1071 n.9; *In re Bestwall LLC*, 47 F.4th at 244 (citation omitted).[4]

## III. Appellants' Other Arguments Regarding the Propriety of the July 5 Order Are Fairly Included Within the Certified July 5 Order and Therefore May Be Considered by the Court Pursuant to § 1292(b).

Next, POM argues that the Court lacks jurisdiction to consider any of Appellants' other arguments about the propriety of the July 5 Order. POM Br. 42-49. This is so, POM asserts, because none of those other "*issues* constitute 'controlling questions of law,' subject to 'substantial ground for difference of opinion,' whose immediate resolution 'may materially advance the ultimate termination of the litigation.'" *Id.* at 42 (emphasis added).

This theory confuses the criteria for certification of an *order* under § 1292(b) with the less demanding standard for consideration of an individual *issue or argument* fairly included within such an order. Where, as here, the certified *order* involves a controlling question of law and otherwise satisfies the requirements of § 1292(b), then this Court is empowered to review any *issue* fairly included within the certified order. *Barbato*, 916 F.3d at 264 ("The scope of our review . . . is not limited to the question set forth in the certification motion but, rather, includes *any issue*

---

[4] POM also concedes, elsewhere in its brief, that the question certified by the District Court—*i.e.*, whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege held by a non-party—is "a narrow legal question." POM Br. 48.

11

fairly included within the certified *order*.") (emphasis added) (citation omitted). *See also Pennsylvania Dep't of Env't Prot. v. Trainer Custom Chem., LLC*, 906 F.3d 85, 91 (3d Cir. 2018) ("'We are not limited to answering the questions certified, however, and may address *any issue necessary to decide the appeal*.'") (emphasis added) (quoting *Bartnicki v. Vopper*, 200 F.3d 109, 114 (3d Cir. 1999)); 16 WRIGHT & MILLER § 3929 (under § 1292(b), a court may "consider *any question* reasonably bound up with the *certified order*, whether it is antecedent to, broader or narrower than, or different from the question specified by the district court.") (emphasis added).

The District Court agreed with Appellants that, as presented in the July 5 Order, "the question of whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege of a non-party" presents a controlling question of law, that "there are grounds for difference of opinion on th[e] issue," and that certification of the issue "would materially advance the ultimate termination of the litigation." JA111-112 (citation and internal quotation marks omitted). Appellants made the same arguments in their petitions for permission to appeal filed with this Court. POM did not dispute any of those points in its brief and therefore has forfeited the issue. *See Beazer*, 412 F.3d at 437 (citation omitted); *D/B Ocean King*, 758 F.2d at 1071 n.9; *In re Bestwall LLC*, 47 F.4th at 244 (citation omitted).

Here, all of Appellants' *other* "arguments about whether judicial estoppel should apply under the specific circumstances of this case" are reasonably bound up with the July 5 Order, which invoked the doctrine of judicial estoppel to compel production of privileged attorney-client communications belonging to a third-party. *See* Eckert Br. 32-44. Thus, the Court has jurisdiction to consider those *other* arguments in addition to the issue explicitly certified by the District Court—*i.e.*, "whether judicial estoppel may be applied as an exception to or waiver of the attorney-client privilege of a non-party." JA111. POM's irrelevant and misplaced arguments to the contrary fail.

IV.    **POM's Argument that the Court Should Exercise Its Discretion to Ignore Arguments Not Included in Appellants' Petitions for Permission to Appeal Is Meritless.**

The last of POM's jurisdictional arguments is its tag-along assertion that the Court "should exercise its discretion not to consider Appellants' arguments that were not included in their" certification motions and petitions for permission to appeal. POM Br. 48-49. POM asserts that consideration of those other arguments would "completely change[] the scope of this appeal and the nature of the work the Court must do to resolve it." *Id.* at 48. POM cites two out-of-Circuit authorities in support of its argument. *Id.* at 49.

POM's argument is meritless. First, under 1292(b), "[t]he scope of review is not limited to the issues articulated in the section 1292(b) certification motion."

*Abdullah v. Am. Airlines, Inc.*, 181 F.3d 363, 366 (3d Cir. 1999). Second, it is not true that Appellants' other merits arguments "ask the Court to scour the record . . . to second-guess the District Court's discretionary determinations and factual findings." POM Br. 48-49. Rather, and as set forth above, many of the points potentially dispositive of those other merits arguments are undisputed. Both the parties and the District Court agree, for instance, that no court ever accepted any of the purportedly inconsistent statements at issue in this case nor otherwise relied upon them in any way in rendering a decision. Eckert Br. 36; JA032 n.6. The parties and the District Court likewise agree that none of the purportedly inconsistent statements at issue has been tested at hearing or trial and that even now, the parties' pleadings remain open. Eckert Br. 44; DE:254. Accordingly, the Court could resolve one or more of Appellants' "other" merits arguments on the basis of one or both of those agreed-upon facts and without having to "scour" any portion of the record. The Court should not prohibit itself from considering those issues merely because they are unfavorable for POM.

V. **POM's Arguments Regarding Whether Judicial Estoppel May Be Applied as an Exception to or Waiver of the Attorney-Client Privilege Held by a Non-Party Are Cursory and Meritless.**

POM devotes less than two pages of its brief to the merits of the question explicitly certified by the District Court—*i.e.*, whether a court may apply judicial estoppel as an exception to or waiver of the attorney-client privilege of a non-party.

14

POM Br. 49-51. POM does not dispute that no federal court (aside from the District Court here), nor any Pennsylvania court, has *ever* applied judicial estoppel in such a manner. Nor does POM offer any real substantive defense of that practice. Nor does POM grapple with the destabilizing effects that such a rule would have were it embraced by this Court.

Instead, POM cites one case, *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345 (3d Cir. 2007), which does not support its position. First, in *Teleglobe*, this Court applied Delaware privilege law rather than Pennsylvania privilege law. 493 F.3d at 368, *as amended* (Oct. 12, 2007). Yet the latter applies in the case at bar. Second, in *Teleglobe*, the parties disputing access to privileged communications were former affiliates—members of the same "wholly owned corporate family"—previously represented by the same in-house counsel; they were not fully separate corporate entities with respect to one another, as Parx and POM are here. *Id.* at 353-54, 370. Third, and more importantly, in *Teleglobe* this Court declined to apply the doctrine of judicial estoppel to compel production of the privileged materials at issue notwithstanding that the party invoking estoppel claimed that the other had *successfully* "induced the Bankruptcy Court and Special Master to rely on its concession." *Id.* at 377-78. Here, by contrast, no court ever accepted nor otherwise relied upon any of the purportedly inconsistent statements made by Eckert (or any other Appellant, for that matter). In fact, when reciting the standard for application

15

of judicial estoppel, the *Teleglobe* Court noted that "[j]udicial estoppel requires . . . that the party estopped obtain an unfair advantage from that inconsistency."  *Id.* at 377 (citing *In re Armstrong World Indus., Inc.,* 432 F.3d 507, 517-18 (3d Cir. 2005)). As set forth above and in its opening brief, Eckert "obtain[ed no such] unfair advantage" here.   Thus, *Teleglobe* supports reversal of the July 5 Order, not affirmance.

**VI.    POM's Arguments Regarding Whether the District Court Abused Its Discretion by Invoking the Doctrine of Judicial Estoppel Notwithstanding that No Court Had Accepted Any of the Purportedly Inconsistent Statements at Issue Are Cursory and Meritless.**

POM also gives cursory treatment to Eckert's argument that the District Court abused its discretion by invoking the doctrine of judicial estoppel notwithstanding that no court had accepted any of the purportedly inconsistent statements at issue nor otherwise relied upon them in any way in rendering a decision.  POM Br. 51-53.

In its brief, Eckert cited numerous decisions from this Court highlighting the importance of that factor and explained why they warrant reversal here.  Eckert Br. 36-38 (citations omitted).  POM simply ignored most of those authorities.  *See* POM Br. *passim* (ignoring, *inter alia*, *Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie & Co., Inc.*, 290 F.3d 548 (3d Cir. 2002); *Scarano v. Cent. R. Co. of N. J.*, 203 F.2d 510 (3d Cir. 1953); and *United States v. Pelullo*, 399 F.3d 197 (3d Cir. 2005), *as amended* (Mar. 8, 2005); ignoring relevant portion of *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 783 (3d Cir. 2001)).

While POM did acknowledge this Court's decisions in *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247 (3d Cir. 2009), *as amended* (Dec. 4, 2009), and *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314 (3d Cir. 2003), it ignored Eckert's arguments as to why those cases do not favor affirmance. *See* Eckert Br. 37 (noting that *Krystal Cadillac* is distinguishable because there, the parties invoking estoppel were harmed by the first of the debtor's two inconsistent statements, which the creditors relied on in agreeing to significant compromises of their claims; no such reliance occurred here) (citation omitted); *id.* at 37-38 (noting that *G-I Holdings*, in which the Court declined to apply judicial estoppel, does not support POM's position because there, as in the case at bar, the party invoking estoppel "provided no evidence of a threat to judicial integrity *other than Hartford's inconsistent positions.*") (citation omitted) (emphasis added). POM's failure to engage with or even acknowledge Eckert's arguments about these key precedents betrays the weakness of its position.

## VII.  POM's Remedies Arguments Fail.

### A.    Eckert Has Not Waived Any of Its Remedies Arguments

POM makes several unavailing arguments regarding the remedies issues raised by Appellants.  First, POM asserts that Eckert "waived" its right to argue those issues because it did not raise them below "until [its] motion[] for reconsideration." POM Br. 57 & n.8.  Like POM's expressly jurisdictional arguments, this theory

17

misapprehends the scope of interlocutory review. *See, e.g., Hudson United Bank v. Chase Manhattan Bank of Connecticut, N.A.*, 43 F.3d 843, 850 (3d Cir. 1994) (on interlocutory appeal, noting that "[w]e will consider this issue even though Hudson did not present it to the district court.") (citing *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 962 n.7 (3d Cir. 1983)); 16 WRIGHT & MILLER § 3929 ("despite the usual reluctance to consider an argument not made below, the prospect of further proceedings after disposition of the *interlocutory* appeal may make it desirable to entertain the argument as part of the appeal.") (emphasis added) (footnote omitted); *United States v. Philip Morris USA, Inc.*, 396 F.3d 1190, 1195 (D.C. Cir. 2005) (on certified interlocutory review, considering argument "not fully restate[d]" in relevant motion below and rejecting "policy of declining to consider arguments not made to the district court in the motion leading to the order under appeal") (citations omitted). As these authorities illustrate, the waiver principles POM cites are inapplicable in the § 1292(b) context.  Thus, POM's waiver argument fails.

    **B.**    **POM Effectively Ignores that the Extreme Sanction Imposed by the District Court Primarily and Disproportionately Penalizes Parx, a Non-party Privilege-Holder, for Purported Misconduct Allegedly Committed by a Party**

Second, POM essentially ignores the critical distinction relevant to the remedies analysis—namely, that the extreme sanction imposed by the District Court primarily and disproportionately penalizes Parx, a non-party privilege-holder, for purported misconduct allegedly committed by Eckert in its capacity as a defendant

18

in *this* litigation.    Eckert Br. 41-42 (citations omitted).  POM attempts to minimize this distinction by asserting that "Parx made its own bad-faith representations . . . that warrant application of judicial estoppel," but it does not support that claim with any citation to the record showing what representations Parx purportedly made and how they satisfy the demanding standard for application of judicial estoppel.  POM Br. 60.  Conclusory assertions such as this are insufficient.  *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) ("As a threshold matter, an argument consisting of no more than a conclusory assertion such as the one made here (without even a citation to the record) will be deemed waived.") (citation omitted).

More importantly, POM's argument—like the July 5 Order—elides a critical limitation embraced by this Court's *Montrose* decision, in which it held that a court may not employ judicial estoppel unless "no lesser sanction would adequately remedy the damage done by *the* [estopped] *litigant's* misconduct."  243 F.3d at 779-80 (emphasis added) (footnote omitted) (citing *Klein v. Stahl GMBH & Co. Maschinefabrik*, 185 F.3d 98, 108 (3d Cir. 1999)).  Both POM and the District Court fail to explain why no lesser sanction levied against Parx, a non-party, could remedy the purported damage attributable to *it*.  Accordingly, POM's arguments on this point fail.

**C.      POM Ignores that the Sanction Imposed by the District Court Was Particularly Inappropriate Because None of the Purportedly Inconsistent Statements at Issue Has Been Tested at Hearing or Trial**

Finally, POM does not even acknowledge—much less attempt to rebut—Eckert's argument that the sanction imposed by the District Court was particularly inappropriate here because none of the purportedly inconsistent statements at issue has been tested at hearing or trial and because the parties' pleadings remain open. Eckert Br. 42-44.  POM therefore has forfeited this issue, too.  *See Beazer*, 412 F.3d at 437 (citation omitted); *D/B Ocean King*, 758 F.2d at 1071 n.9; *In re Bestwall LLC*, 47 F.4th at 244 (citation omitted).

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in its opening brief, Eckert respectfully submits that this Court should reverse and vacate the July 5 Order and remand with instructions to grant Eckert's motion for a protective order barring disclosure of Parx's privileged communications with its counsel.

Dated:  April 24, 2023              Respectfully submitted,

ROBERT S. TINTNER, ESQUIRE (No. 73865)
PETER C. BUCKLEY, ESQUIRE (No. 92313)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)

20

(215) 299-2150 (facsimile)

*Counsel for Defendants-Appellants,*
*Eckert Seamans Cherin & Mellott, LLC, Mark S.*
*Stewart and Kevin M. Skjoldal*

# **<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned counsel to Defendants-Appellants Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart, and Kevin M. Skjoldal hereby certifies that this Brief complies with the word limit of Fed. R. App. P. 32(a)(7)(B)(ii) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains no more than 4,765 words. The undersigned counsel further certifies that this Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using 14-point Times New Roman font. The undersigned further certifies, pursuant to Local Appellate Rule 31.1(c), that all hard copies of this brief filed with this Court will be identical to this electronic version.

The undersigned further certifies that this file was scanned by a virus-protection program—namely, CrowdStrike Falcon Endpoint Detection & Response/Next-Generation Anti-Virus software (agent version 6.52.16606.0)—and that no virus was detected.

Dated:  April 24, 2023                              Respectfully submitted,

_____
ROBERT S. TINTNER, ESQUIRE

## **CERTIFICATE OF SERVICE**

I, Robert S. Tintner, Esquire, hereby certify that on April 24, 2023, the foregoing was filed with this Court and served on all parties by filing with the Court's CM/ECF system.

_____
ROBERT S. TINTNER, ESQUIRE

*Counsel for Defendants-Appellants*
*Eckert Seamans Cherin & Mellott, LLC,*
*Mark S. Stewart and Kevin M. Skjoldal*

23