# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

**Nos. 22-2445, 22-2446, 22-2902, 22-2958 & 22-2959 (Consolidated)**

**Pace O Matic, Inc.**
*Appellees*
v.
**Eckert Seamans Cherin & Mellott LLC, et al**
*Appellants*

---

**On appeal from the United States District Court, Middle District of Pennsylvania at No. 20-292 (The Honorable Jennifer Wilson)**

---

## REPLY BRIEF OF
## APPELLANT HAWKE, MCKEON & SNISCAK, LLP

---

Dennis A. Whitaker, I.D. #53975
Melissa A. Chapaska, I.D. # 319449
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA 17101
(717) 236-1300
(717) 236-4841 (facsimile)
*Counsel for Appellant Hawke, McKeon & Sniscak, LLP*

Date: April 24, 2023

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT ................................................................ 5

ARGUMENT ........................................................................................ 7

    I.     The Third Circuit has jurisdiction over HMS's appeal in accordance with 28 U.S.C. § 1292(b) ............................................ 7

    II.    The requirements of 28 U.S.C. § 1292(b) have been satisfied; therefore this Court's review of all issues implicated by the July 5 Order is proper ................................................................ 8

        A.    The July 5 Order necessarily applies judicial estoppel as a waiver of or exception to the attorney-client privilege ...................... 8

        B.    The requirements of 28 U.S.C. § 1292(b) are satisfied..................... 10

        C.    Under 28 U.S.C. § 1292(b), all issues raised by HMS are properly before this Court's by virtue of its review of the July 5 Order ................................................................................ 12

    III.    Application of judicial estoppel to estop Parx from claiming an attorney-client relationship contradicts Pennsylvania law ............................. 13

    IV.    Judicial estoppel is inappropriate because no inconsistent statement was adopted by the court, no party will derive an unfair advantage in absence of estoppel, and no threat to judicial integrity exists ................................................................................ 14

    V.    HMS did not take inconsistent positions in bad faith to warrant the invocation of judicial estoppel ................................................. 15

    VI.    The July 5 Order's application of judicial estoppel does not address the harm and whether lesser sanctions are sufficient. ......................... 17

CONCLUSION ................................................................................... 19

COMBINED CERTIFICATIONS OF COUNSEL ........................................ 20

## TABLE OF AUTHORITIES

**Cases**

*Atkinson v. Haug*,
   622 A.2d 983 (Pa. Super. 1993).........................................................................7

*C.L. Grimes v. Vitalink Communications Corp.*,
   17 F.3d 1553 (3d Cir.), *cert. denied*, 513 U.S. 986 (1994)..................................9

*Calhoun v. Yamaha Motor Corp., U.S.A*,
   40 F.3d 622 (3d Cir. 1994)...............................................................................11

*Chao v. Roy's Constr., Inc.*,
   517 F.3d 180 (3d Cir. 2008)..............................................................................13

*G-I Holdings, Inc. v. Reliance Ins. Co.*,
   586 F.3d 247 (3d Cir. 2009)......................................................................... 13, 16

*Gordon v. Robinson*,
   210 F.2d 192 (3d Cir. 1954)................................................................................8

*Haines v. Liggett Group Inc.*,
   975 F.2d 81 (3d Cir. 1992)................................................................................17

*In re Chocolate Confectionary Antitrust Litig.*,
   607 F. Supp. 2d 701 (M.D. Pa. 2009) ...............................................................9, 10

*Katz v. Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974)................................................................................9

*Levy v. Senate of Pennsylvania*,
   65 A.3d 361 (Pa. 2013) ......................................................................................8

*Montrose Medical Group v. Bulger*,
   243 F.3d 773 (3d Cir. 2001)..............................................................................17

*Nationwide Mut. Ins. v. Fleming*,
   924 A.2d 1259 (Pa. Super. 2007)....................................................................9, 12

*Sheinkopf v. Stone*,
   927 F.2d 1259 (1st Cir. 1999 ..............................................................................7

**Statutes**

28 U.S.C. § 1292(b) .................................................................................. passim

**Rules**

Fed. R. Evid. 501 ...............................................................................9

## SUMMARY OF ARGUMENT

This Court's grant of interlocutory review satisfies the requirements of 28 U.S.C. § 1292(b), with the result that the substantive issues raised by Hawke, McKeon & Sniscak, LLP (HMS) related to the magistrate judge's application of judicial estoppel in the July 5 Order are properly before the Court. There is no need for this Court to find an alternative basis for jurisdiction, and POM's numerous procedural arguments urging the Court to reverse course and delay these consolidated appeals, which are now fully briefed and ripe for this Court's consideration, are baseless.

Contrary to POM's characterizations, the important question presented is not hypothetical, and the omission of the words "waiver" or "exception" from the privilege analysis in the opinions below does not make it so. Indeed, any lack of clarity in this regard merely highlights the magistrate judge's failure to apply Pennsylvania law. HMS's and Eckert, Seamans, Cherin & Mellott, LLC (Eckert)'s representation of Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino (Parx) meets the requirements for the attorney-client privilege to attach, including the existence of an attorney-client relationship. Under Pennsylvania law, courts can only compel disclosure of privileged communications based on waiver or a recognized exception. Accordingly, the July 5 Order's application of judicial estoppel necessarily implies a finding of waiver and/or exception of the attorney-

client privilege; otherwise, the court could not have compelled disclosure over Parx's claims of privilege.

POM's substantive support for the July 5 Order's application of judicial estoppel is likewise lacking. HMS made no inconsistent statements in bad faith pertaining to its representation of Parx, and there is no basis on the record to impute the alleged bad faith statements of others to punish HMS. Furthermore, as HMS raised in briefing before the magistrate judge, the magistrate judge's failure to fashion appropriate sanctions tailored to the perceived harm undermines the July 5 Order's conclusion.

For these reasons and those presented in HMS's opening brief (Op. Br.), HMS respectfully asks the Court to reverse the July 5 Order because the district court erred in applying judicial estoppel as an exception to or waiver of the attorney-client privilege of a non-party in contravention of Pennsylvania law, or in the alternative, because the district court's application of judicial estoppel to bar HMS from asserting attorney-client privilege claims on behalf of Parx is an abuse of discretion.

## ARGUMENT

### I.    The Third Circuit has jurisdiction over HMS's appeal in accordance with 28 U.S.C. § 1292(b)

This Court has appellate jurisdiction under 28 U.S.C. § 1292(b) pursuant to this Court's order granting HMS's petition for permission to appeal. As addressed in Section II, *infra.*, POM's recycled arguments, already raised in its 18-page response to HMS's petition for permission to appeal, provide no basis for this Court to revisit its Section 1292(b) grant of appeal to reach a different conclusion. *Compare* POM's Answer to HMS's Petition for Permission to Appeal (Doc. 5-1), filed Sept. 2, 2022 *with* POM Op. Br. at 42-49.[1]  Therefore, because this Court has exercised appellate jurisdiction under 28 U.S.C. § 1292(b), HMS's appeal of the July 5 Order is properly before the Court for review; it is unnecessary for this Court to address alternative bases for jurisdiction.[2]

---

[1] All page number references refer to the page number in the ECF header.

[2] In addition to seeking review under 28 U.S.C. § 1292(b), HMS offered that, in the interest of justice given HMS's status as a non-litigant and lack of recourse, this Court's jurisdiction over this appeal is also proper under *Pearlman* or the collateral order doctrine. *See* HMS Op. Br. at 7-8. Although these alternative bases for jurisdiction stand on their own, this Court need not reach them given its Section 1292(b) grant of appeal. *See* POM Op. Br. at 33-37. POM's argument that HMS could obtain appellate review via the standard contempt route, *see* POM Op Br. at 25, ignores the practical reality that if Parx's appeal moves forward (as it should, *see* Parx Op. Br. (Doc. 25) at 12-19), but without HMS, then that outcome will be determinative for HMS, regardless of the technical potential to challenge the order in a future contempt action.

**II.     The requirements of 28 U.S.C. § 1292(b) have been satisfied; therefore this Court's review of all issues implicated by the July 5 Order is proper**

**A. The July 5 Order necessarily applies judicial estoppel as a waiver of or exception to the attorney-client privilege**

POM argues that the magistrate judge applied estoppel to prevent Parx from claiming an attorney-client relationship with Eckert and HMS, such that no privilege exists to be waived or excepted. Pennsylvania law, which the magistrate judge failed to consider, prohibits this result. Nonetheless, POM's characterization does not change the outcome – the negation of Parx's attorney-client privilege, not based on any action taken by Parx, but rather based on alleged inconsistent statements allegedly made by Parx's law firms, could only occur by waiver of or exception to the attorney-client privilege.

Under Pennsylvania law, an attorney/client relationship exists where, as here, there is an express representation agreement between client and counsel. *See Atkinson v. Haug*, 622 A.2d 983, 986 (Pa. Super. 1993). But even absent express agreement, an attorney-client relationship exists where: 1) the purported client sought advice or assistance from the attorney; 2) the advice sought was within the attorney's professional competence; 3) the attorney expressly or impliedly agreed to render such assistance; and 4) it is reasonable for the putative client to believe the attorney was representing him. *See id.* (citing *Sheinkopf v. Stone*, 927 F.2d 1259 (1st Cir. 1999)).  Here, it is undisputed that: Parx sought assistance from HMS and

Eckert; the advice sought was within HMS's and Eckert's professional competence; HMS and Eckert agreed to render such assistance; and it was reasonable for Parx to believe HMS and Eckert were representing it. *Compare with* POM Op. Br. at 41 (citing *Gordon v. Robinson*, 210 F.2d 192, 198-99 (3d Cir. 1954) (finding that there was no need to consider waiver where "*there was no proof of the existence of an attorney-client relationship*") (emphasis added)).[3] Therefore, under Pennsylvania law, an attorney-client relationship exists. To the extent the July 5 Order applies estoppel to assume away the attorney-client relationship Parx was entitled to believe it possessed, this counter-factual and unforeseeable outcome conflicts with and undermines the goals of the attorney-client privilege. *See Levy v. Senate of Pennsylvania*, 65 A.3d 361, 371 (Pa. 2013) (the attorney-client privilege necessarily requires that "the attorney and client must be able to predict with some degree of certainty whether particular discussions will be protected.").

Contrary to POM's suggestion, the fact that the magistrate judge failed to use the words "waiver" or "exception" in the July 5 Order, *see* POM Br. at 39-40, does not render the certified question "hypothetical." Under Pennsylvania law, courts can only compel disclosure of privileged communications based on waiver or a recognized exception. *See Nationwide Mut. Ins. v. Fleming*, 924 A.2d 1259, 1264

---

[3] As Pennsylvania law is controlling on issues of privilege in this diversity jurisdiction matter, decisions by other federal circuits on which POM relies, *see* POM Br. at 41, are inapplicable to the state law issues before this Court.

(Pa. Super. 2007). Therefore, in overriding the privilege, the July 5 Order necessarily applies estoppel as a waiver or exception, because these are the only avenues under Pennsylvania law that would permit the magistrate judge to compel disclosure of Parx's privileged communications.

## B.  The requirements of 28 U.S.C. § 1292(b) are satisfied

POM offers no compelling reason to revisit the grant of permission to appeal. *See* POM Br. at 37-42. The Court already correctly found that the question presented satisfies the standard: (1) it "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

First, as the district court explained, "a controlling question of law is present because 'the question is "serious to the conduct of the litigation"' as a practical and legal matter." (JA111) (citing *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 705 (M.D. Pa. 2009), quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)).[4]  Moreover, the July 5 Order compels HMS to disclose

---

[4] POM's argument that this Court should defer to the magistrate judge's discretion in this matter, POM Op. Br. at 42-45, is belied by this Court's plenary review of the application and interpretation of state law, which the magistrate judge was required to apply to privilege issues in this diversity jurisdiction matter. *C.L. Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1557 (3d Cir.), *cert. denied*, 513 U.S. 986 (1994); *see* Fed. R. Evid. 501.

Parx's privileged communications; "[i]n the event that these documents are produced to POM, neither the court nor Defendant would be able to 'unring' the bell of disclosure." (JA112).

Second, there is substantial ground for difference of opinion as to the application of judicial estoppel to override the attorney-client privilege. Under Pennsylvania law, which controls in this diversity jurisdiction case but which the July 5 Order failed to consider, courts may only compel disclosure of otherwise privileged communications based on waiver or exception to the privilege. There has been no waiver of the privilege here, and no exception recognized under Pennsylvania law applies. Nonetheless, the magistrate judge applied judicial estoppel to order HMS to disclose Parx's privileged communications. As the district court recognized: "no controlling precedent has applied judicial estoppel in this manner" and "the law is far from clear on this issue." (JA112); *see In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d at 706 ("The existence of conflicting judicial opinions provides support for certification of an appeal, as does a lack of binding precedent.").

Third and finally, this Court's immediate review will advance the underlying litigation between POM and Eckert as to whether and to what extent Parx's privileged information should be disclosed in discovery, and will materially advance litigation by putting POM and Eckert in the position to move forward with settlement

11

and/or trial of the underlying matter.  *See* (JA112) ("[a]fter achieving resolution on this issue, the court anticipates that counsel will be in a better position to attempt to settle the case or proceed to trial.").

### C. Under 28 U.S.C. § 1292(b), all issues raised by HMS are properly before this Court's by virtue of its review of the July 5 Order

In granting HMS's petition to appeal, this Court properly found that the district court's certified question of whether judicial estoppel can be used to require the disclosure of a non-party's privileged documents satisfies the requirements of 28 U.S.C. § 1292(b). *See* Section II.B. *supra.* An appeal under 28 U.S.C. § 1292(b) is "from the challenged order, not just the certified question," and "therefore [this Court is] not bound by the district court's formulation of the question, and may address any issue that is necessary to decide the appeal before [it]." *Calhoun v. Yamaha Motor Corp., U.S.A*, 40 F.3d 622 (3d Cir. 1994). There is no requirement that each issue implicated by this Court's review of the July 5 Order separately meet the requirements of Section 1292(b) as POM advocates, Br. at 42-49. Accordingly, under 28 U.S.C. § 1292(b) all issues raised by HMS related to the magistrate judge's application of judicial estoppel are implicated by the July 5 Order and are therefore properly before this Court.

12

### III.   Application of judicial estoppel to estop Parx from claiming an attorney-client relationship contradicts Pennsylvania law

POM submits that the magistrate judge determined that no attorney-client relationship existed based on allegedly inconsistent statements made by Eckert, HMS and Parx such that the magistrate judge was free to apply judicial estoppel notwithstanding the recognized limitations for waiver/exception of the attorney-client privilege under Pennsylvania law. *See* POM Br. at 49-51. As addressed in detail in Section II.A. *supra*, HMS's and Eckert's representation of Parx meets the requirements under Pennsylvania law for the attorney-client privilege to attach to the communications at issue. Pennsylvania law is clear that disclosure of privileged communications can only occur if the privilege is waived or a recognized exception applies. *Nationwide Mut. Ins.*, at1264 (Pa. Super. 2007). A court determination applying judicial estoppel to negate an attorney-client relationship properly established under state law is not a recognized exception to the attorney-client privilege or basis for waiver of the privilege. *See* HMS Op. Br. at 20-25; *see also*, (JA112) (acknowledging that "no controlling precedent has applied judicial estoppel in this manner."). Thus, the July 5 Order's invocation  of judicial estoppel fails as a matter of law.

**IV.    Judicial estoppel is inappropriate because no inconsistent statement was adopted by the court, no party will derive an unfair advantage in absence of estoppel, and no threat to judicial integrity exists**

As this circuit has explained, "judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." *Chao v. Roy's Constr., Inc.*, 517 F.3d 180, 186 n.5 (3d Cir. 2008). Accordingly, "[n]ot only must the court find that a party adopted inconsistent positions, but it should also consider whether the party succeeded in convincing a tribunal to accept its position and *whether the party would derive an unfair advantage in the absence of estoppel*." *Id.* (emphasis added); *see G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d Cir. 2009) (judicial estoppel may apply "to neutralize threats to judicial integrity however they may arise.").

The magistrate judge's application of judicial estoppel was improper because, contrary to POM's arguments, Br. at 51-53, no party will be unfairly advantaged absent the magistrate judge's application of estoppel to release Parx's privileged communications, and there is no threat to judicial integrity to necessitate the harsh sanction imposed by the magistrate judge. Eckert never took inconsistent positions – Eckert represented that it did not enter its appearance on behalf of Parx in Commonwealth Court, not that it did not represent Parx.  Regardless, even if Eckert did take inconsistent positions, Eckert was not successful on its position that Eckert did not represent Parx in Commonwealth Court as Eckert has since acknowledged

14

that it was part of the lawyer group representing the Casinos before Commonwealth Court, including Parx. Nor is Eckert's assertion, that Eckert can claim attorney client privilege in discovery because Parx is its client, inconsistent with its statement that Eckert did not represent Parx on the record in the Commonwealth Court. The essence is that: no court has ever relied on Eckert's representations, and even if a court had, Eckert's positions were not inconsistent, Eckert was not successful on the positions it advanced, and no party, court, or interest of the judiciary was harmed as a result. *See* HMS Op. Br. at 26-34. Therefore, the sanction imposed by the magistrate judge is improper because estoppel does not remedy any unfair advantage to a party or serve to abate any ongoing threat to judicial integrity, it provides information to POM that it does not need and does not deserve, and punishes only Parx.

## V. HMS did not take inconsistent positions in bad faith to warrant the invocation of judicial estoppel

As a preliminary matter, POM's mischaracterization that the allegedly inconsistent statements made by HMS/Parx form the basis of magistrate judge's application of judicial estoppel, Br. at 54, is contradicted by the July 5 Order's laser focus on Eckert and corresponding lack of specificity as to how HMS/Parx's conduct rises to the level necessary for the court to impose the extraordinary remedy of judicial estoppel. *See* (JA823-24). POM is incorrect that HMS or Parx took any inconsistent position in bad faith (*see* HMS Op. Br. at 26-34, Parx Op. Br. at 41-47), and the magistrate judge's failure to independently consider HMS and Parx's actions

15

prior to broadly estopping HMS and Parx from asserting the attorney-client privilege is contrary to law and is a manifest abuse of discretion.

Had the district court properly considered HMS's statements it could not have concluded that HMS made any inconsistent statement in bad faith to warrant the application of judicial estoppel to eviscerate Parx's privilege. HMS, in defending against POM's since-resolved attempt to disqualify HMS from representing Parx and other casinos in POM's Commonwealth Court actions, was candid with that court in representing that Eckert was part of the group of lawyers representing Pennsylvania casinos seeking to intervene in the Commonwealth Court litigation. There thus is no inconsistency between HMS's representations to Commonwealth Court concerning Eckert's involvement in the Casino lawyer group, on one hand, and HMS's claim in this court, on the other, that communications among Parx and its lawyers, including Eckert, are privileged. Eckert was part of the Casino lawyer group advising Parx and the other casinos, and privilege attaches to the work product developed by the lawyer group and to the communications between and among HMS, Eckert, and Parx. Nor has HMS engaged in bad faith – HMS was candid with Commonwealth Court and with the district court concerning Eckert's involvement. *See* HMS Op. Br. at 32-34. There was no inconsistency, no attempt to mislead, and no bad faith. To say the least, these are not the "extraordinary" circumstances, *see* POM Br. at 52, required for the court to apply judicial estoppel against HMS.

16

## VI. The July 5 Order's application of judicial estoppel does not address the harm and whether lesser sanctions are sufficient.

POM misrepresents that HMS failed to raise the issue of the tailoring of the remedy until reconsideration. POM Br. at 57-58 n.8. As the record confirms, HMS raised the issue of tailoring of the remedy in briefing before the magistrate judge well before the July 5 Order. As HMS argued in its Reply Brief on Remand, filed with the district court on June 9, 2021:

> …POM maintains that the only way to punish Eckert for its "secret involvement" is to punish Parx by allowing POM access to its attorney-client privileged information and the work product its lawyers prepared. (Doc. 107 at 15). Granting such a remedy is only appropriate, however, if "no lesser sanction [is] sufficient.' *G-I Holdings* at 262. POM does not need Parx's privileged material, because Eckert already has conceded that it took positions adverse to POM.
>
> Only Parx would be punished by the disclosure of Parx's privileged information. Disclosure is not needed for POM to meet its burden in this case, and disclosure will give POM an undeserved advantage in the Commonwealth Court litigation. Accordingly, even if the other elements of judicial estoppel were present here – and neither are – a sanction that discloses Parx's privileged information when POM does not need it fails the "no lesser sanction [is] sufficient" judicial estoppel criterion.

HMS Reply Brief on Remand, docket no. 1:20-cv-00292-JPW (filed June 9, 2021) (MD. Pa. Doc. 137) at 10. To the extent HMS did not directly address the sanction imposed by the trial court, logically, the court's tailoring of the remedy could not be addressed until it was fashioned. Accordingly, there is no basis to find that HMS

17

waived this argument by failing to raise it before the district court prior to the July 5 Order.

POM's substantive argument in support of the remedy imposed by the magistrate court is otherwise unavailing. POM declares that the July 5 Order's bar against Parx, HMS and Eckert is the "only reasonable deterrent." POM Br. at 59-60. However, neither POM's brief nor the July 5 Order justify how punishing Parx to reward POM serves to address Eckert's alleged bad faith or address any perceived threat to judicial integrity. *See Montrose Medical Group v. Bulger*, 243 F.3d 773, 784 (3d Cir. 2001) (holding that judicial estoppel was an inappropriate sanction where "its effects would be borne not by any wrongdoers, but by innocent third parties"); *see generally,* HMS Op. Br. at 34-36. The July 5 Order overrides Parx's privilege solely to punish HMS/Eckert, Parx's lawyers. Even if such punishment were in order (it is not) this outcome needlessly eliminates the "maximum protection" that must be afforded to Parx's privileged communications, and therefore warrants this Court's correction. *See Haines v. Liggett Group Inc.*, 975 F.2d 81, 90 (3d Cir. 1992).

## CONCLUSION

For these reasons and those reasons set forth in HMS's principal brief, HMS respectfully requests this Court reverse the July 5 Order of the magistrate judge on the basis that judicial estoppel may not be applied as an exception to or waiver of the attorney-client privilege of a non-party, or in the alternative, because the district court's application of judicial estoppel to bar HMS from asserting attorney-client privilege claims on behalf of Parx is an abuse of discretion.

Respectfully submitted,

*/s/ Dennis A. Whitaker*
Dennis A. Whitaker, I.D. #53975
Melissa A. Chapaska, I.D. # 319449
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA  17101
(717) 236-1300
(717) 236-4841(fax)
dawhitaker@hmslegal.com
machapaska@hmslegal.com

*Counsel for Appellant Hawke, McKeon &*
*Sniscak, LLP*

## Combined Certifications of Counsel

1. <u>Bar Membership:</u> The undersigned certifies that Dennis A. Whitaker and Melissa A. Chapaska are members of the bar of this Court.

2. <u>Word Count:</u> The undersigned certifies that the foregoing brief uses a proportionally spaced, 14-point Times New Roman typeface, and that the text of the brief contains 3,440 words according to the word count provided by Microsoft Word.

3. <u>Service:</u> The undersigned certifies that the foregoing brief was served by the Court's electronic filing system on the date below on all counsel of record in this case.

4. <u>Identical Text:</u> The undersigned certifies that the text of the electronically-filed brief is identical to the text of the 7 hard copies that will be delivered within 5 days of this electronic filing to the Clerk of the Court.

5. <u>Virus Check:</u> The undersigned certifies that he caused virus detection to be performed on the electronically-filed copy of this brief using ESET NOD32 Antivirus and that no virus was detected.

*/s/ Dennis A. Whitaker*

Dated: April 24, 2023